IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-301-FL

| | | |
|---|---|---|
| WILLIAM RONNIE ADAMS, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TTM PROPERTIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), which includes request for attorneys' fees the court construes as arising under Federal Rule of Civil Procedure 11 (DE 15). The motion has been briefed fully, and in this posture the issues raised are ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff initiated this lawsuit pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") May 29, 2024. Plaintiff seeks injunctive relief for alleged violations of various legal duties imposed on defendant by the ADA, plus attorneys' fees and costs. Defendant filed the instant motion to dismiss the complaint July 16, 2024, relying upon results of an electronic docket query displaying plaintiff's litigation history, and an affidavit of Robert Moulton ("Moulton"), a managing member of defendant, and attaching correspondence between counsel, photographs of the property, and architectural plans and invoices.

## STATEMENT OF FACTS

The facts alleged in the complaint are as follows. Plaintiff is disabled within the meaning of the ADA, and uses a wheelchair for mobility. (Compl. (DE 1) ¶¶ 6–8). Plaintiff operates as a self-proclaimed "tester" who seeks to generate ADA litigation to enforce that statute. (Id. ¶ 9).

In April 2023, plaintiff attempted to visit a pawn shop in Raleigh owned by defendant, but was deterred from entry and patronage by the store's alleged failure to maintain ADA-compliant facilities. (Id. ¶¶ 11–17). Plaintiff alleges that defendant failed to provide the following, all in violation of the ADA:

1. Signage designating accessible parking spaces,
2. Van-accessible parking with appropriate signage,
3. Proper paint on accessible parking spaces,
4. Properly situated accessible parking spaces,
5. Parking stops,
6. Level accessible parking spaces,
7. A level parking lot,
8. An adequate entry ramp, and
9. An accessible sales counter.

(Compl. ¶ 27) (hereinafter, the "failure to remediate" allegations).

Plaintiff also alleges that defendant has failed to maintain existing accessible facilities (hereinafter, the "failure to maintain" allegations). (See id.) Based on these allegations, plaintiff requests injunctive relief, seeking rectification of these alleged defects and the maintenance of accessible facilities.

**COURT'S DISCUSSION**

A. Standard of Review

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).[1] Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

Defendant also relies upon Federal Rule of Civil Procedure 12(b)(6) in its motion, but its two arguments are based on standing and mootness, which are subject matter jurisdiction considerations properly evaluated only under Rule 12(b)(1). See PEM Entities LLC v. County of Franklin, 57 F.4th 178, 182 (4th Cir. 2023) (standing); Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017) (mootness). Thus, while defendant invokes Rule 12(b)(6), no part of its argument truly arises under that rule.

A. Analysis

    1. Remediation Efforts

Defendant asserts the court lacks subject matter jurisdiction on the basis of defendant's remediation efforts. Defendant asserts it remedied all the defects recounted in the complaint before

---

[1] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

plaintiff sued, as evidenced by various documents attached to defendant's motion. (Def's Br. (DE 12) 6–9).

The United States Supreme Court has recognized a plaintiff must possess standing at the time the complaint is filed, and must retain standing throughout the life of a case. See Already, LLC v. Nike, 568 U.S. 85, 91 (2013). Defendant's argument, given the pre-suit timing of the remediation here, blends both standing and mootness doctrines, as opposed to a traditional mootness scenario in which a defendant ceases allegedly unlawful conduct after the suit begins. Id. at 91. Defendant asserts that even if plaintiff might have had standing at some pre-suit time, he had lost standing through defendant's remediation by the time he filed his complaint. (See Def's Br. 8). The court assesses whether defendant's remediation addressed plaintiff's claimed injuries and thereby destroyed his standing. See Nike, 568 U.S. at 90–91. This argument succeeds, but only in part.

Standing requires the existence of an injury personal to a plaintiff and redressable by judicial relief at the time a plaintiff files suit. Id. at 91. The parties characterize defendant's argument in their briefing as one of mootness, but it really goes to standing, because defendant argues it remediated the alleged ADA violations before suit, not after. See id.

Courts routinely hold ADA cases moot when the defendant property-owner makes permanent changes to the physical structure of a building or other facility during suit, on grounds that it is extremely unlikely, if not impossible, for a defendant to undo such changes once made. See, e.g., Norkunas v. Tar Heel Capital Wendy's LLC, No. 5:09-cv-116, 2011 WL 2940722, at *3–4 (W.D.N.C. July 19, 2011) (collecting cases); Brother v. CPL Investments, Inc., 317 F. Supp. 2d 1358, 1372–73 (S.D. Fla. 2004); Sharp v. Rosa Mexicano, D.C., LLC, 496 F. Supp. 2d 93, 99 (D.D.C. 2007); Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1130–31 (C.D. Cal. 2005). Under

4

this reasoning, it follows that if defendant remediated its property's ADA issues before plaintiff filed suit, plaintiff lacks standing because his alleged injuries had ceased to exist by the time he filed his complaint. See City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) ("past exposure to illegal conduct does not [create standing to seek] injunctive relief if unaccompanied by any continuing, present adverse effects); Harty v. Luihn Four, Inc., 747 F. Supp. 2d 547, 552 (E.D.N.C. 2010). This result follows necessarily from the basic standing requirement of a live injury at the time of suit. Nike, 568 U.S. at 90–91; Lyons, 461 U.S. at 102.

Defendant relies upon the Moulton affidavit, as well as several photographs and accompanying documentation of the subject property, which it claims demonstrates remediation of all issues before the lawsuit was initiated. (See Mot. Dismiss (DE 12) Ex. B (DE 12-2); id. Ex. C (DE 12-3); id. Ex. D (DE 12-4); id. Ex. E (DE 12-5)). Plaintiff objects to the court's consideration of the photographs and documentation, citing Federal Rules of Evidence governing, among other things, authentication of exhibits and the need for personal knowledge of the subject of evidence. See Fed. R. Evid. 602, 901.

These objections, however, are without merit. The Moulton affidavit demonstrates the affiant's personal knowledge of the property's repair history, and testifies to defendant's remediation of the issues identified in the complaint. (See generally Moulton Aff. (DE 13)). On a subject matter jurisdiction challenge, "the court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the [motion] to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The court "should apply the standard applicable to a motion for summary judgment," however, under which the nonmoving party, here plaintiff, "must set forth specific facts beyond the pleadings to show" subject matter jurisdiction. Id. Here,

defendant has set forth specific facts which defeat plaintiff's standing through Moulton's affidavit, while plaintiff has failed to provide any evidence or argument creating any dispute on the jurisdictional facts. See id. Instead, plaintiff relies only upon the evidentiary challenges to the photographs just noted, and presents no argument specifically against the affidavit. The undisputed structural changes to the property would therefore moot plaintiff's claims insofar as they are based on the failure to remediate allegations. (See Compl. ¶ 27). Because they were made before the action began, they defeat plaintiff's standing. See Nike, 568 U.S. at 90–91.

In sum, defendant's motion is granted in that part where plaintiff asserts a failure to remediate, which alleged failures defendant undisputedly corrected prior to commencement of the suit. Dismissal of this part of plaintiff's claim is without prejudice. Ali v. Hogan, 26 F.4th 587, 600 (4th Cir. 2022).

2. Failure to Maintain

However, dismissal of the entire case for lack of subject matter jurisdiction is not warranted. Plaintiff also requests injunctive relief on the basis of defendant's alleged failure to meet its obligations to maintain accessible facilities, not just to remediate issues in the first instance, based on his failure to maintain allegations. Plaintiff alleges that defendant fails to maintain a variety of ADA-complaint facilities. (Compl. ¶¶ 27, 13–14); 28 C.F.R. § 36.211. Defendant's remediation of structural issues does not defeat plaintiff's standing to seek this forward-facing, long-lasting relief. The court is unable to credit defendant's bare assurances of its own future conduct at this juncture, going to the prospect of future exposure to injuries. See Lyons, 461 U.S. at 102.

In sum, while plaintiff is without standing to pursue a claim premised on failure to remediate, where that relief he prays for was accorded by defendant before this action was initiated, he has standing to pursue a claim premised on defendant's failure to maintain.

3. Fees

Finally, the court addresses defendant's request for fees in its motion to dismiss on grounds that plaintiff's suit was frivolous and without a good faith factual basis, which the court construes as arising under Rule 11. The court must express its concern about the conduct defendant alleges as the basis for its fees request, involving a demand for a very large sum of attorney's fees solely for the drafting of a settlement agreement, which resembles common suspect conduct in other "ADA tester" suits. See Acheson Hotels, LLC v. Laufer, 601 U.S. 1, 4 (2023); id. at 9–10 (Thomas, J., concurring); In re Gillespie, No. 21-mc-14, 2023 WL 4976173, at *3–5, *15 (D. Md. June 30, 2023), vacated on other grounds, No. 23-1819, 2023 WL 7548181 (4th Cir. Nov. 14, 2023); Strojnik v. Driftwood Hosp. Mgmt. LLC, No. CV-20-1532, 2021 WL 50456, at *2–3, *9–10 (D. Ariz. Jan. 6, 2021). Nonetheless, there are procedural deficiencies in the form of motion and so the court denies it. See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2004) (en banc).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE 12) is GRANTED in that part where it requests dismissal of plaintiff's claim premised upon failure to remediate, and DENIED in that part where it requests dismissal of plaintiff's claim premised upon failure to maintain. The court DENIES remaining part of defendant's motion insofar as it includes a request for attorneys' fees under Rule 11.

SO ORDERED, this the 13th day of December, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge